ANGEL BUONOMO, Petitioner and Appellee, *v.* MUNICIPAL COURT OF CAGUAS, Respondent and Appellant.

No. 4519. Argued March 5, 1929.—Decided July 12, 1929.

*Arturo Aponte* for the appellant.  *A. L. López* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Angel Buonomo brought an action of debt in the Municipal Court of Caguas against Fermín Villafañe and obtained judgment.

In the ensuing execution proceedings November 7, 1927, was set for the sale at public auction of a property of the debtor which had been attached in the action.

On the day set for the public sale the debtor, without notice to the creditor, filed a motion and alleged that he had acquired by a notarial deed the property to be sold and

"FOURTH: That your petitioner is a resident and head of family in the Island of Porto Rico, living in the house exising on the property described and which will be sold at public auction on the 7th instant.

"FIFTH: That the aforesaid property was bought for $170 and at present, if worth more, must always be considered as the homestead of your petitioner and his family up to the sum of $500."

He filed the proper petition and the court, without hearing the plaintiff in the principal action, made the following order:

"In view of the motion of the defendant herein and the deed of purchase of the property referred to in said motion wherein exemption from execution is sought of the immovable described below because it is a homestead, and in view of the first paragraph of section 249 and of section 250 of the Code of Civil Procedure, the Homestead Act of March, 1903, and the case of Dávila v. Sotomayor, 35 P.R.R. 726, the marshal of this court is hereby ordered to proceed in pursuance of the law and if the highest bid in the public sale is below $500 said officer shall desist from the execution of the immovable as it is exempt therefrom; but if the amount of the highest bid exceeds $500, then he shall proceed with the execution and sell the property at public auction, and he shall deliver to the plaintiff creditor any excess over $500 and to the defendant debtor $500 as exempt from execution."

Thereupon the plaintiff filed a petition in certiorari in the District Court of Humacao. The writ was issued and the court, after hearing both parties to the main action, rendered judgment vacating the order of the municipal court and remanding the case for further proceedings.

It seems advisable to transcribe the following from the statement of the case and opinion by the district court:

"It is alleged in the present case that the said order has been made without hearing the adverse party who did not have his day in court and an opportunity to defend his rights.

"In Cueto v. District Court, 37 P.R.R. 227, which involved a homestead question similar to the present one and raised within a summary foreclosure proceeding, the Supreme Court said:

" 'The pleading of the defendants requires an answer, a trial and a judgment to determine the question raised by them, that is, an ordinary action within a special and summary proceeding.'

"In view of that doctrine homestead issues must be considered as incidents within the principal action wherein they are raised and therefore they can not and must not be decided without giving the adverse party an opportunity for defense, since to do otherwise would be to accept as proved the allegations of the petition without any evidence and without hearing the parties interested."

Villafañe then took an appeal to this court and has assigned in his brief two errors.

It is alleged in the first that the district court erred in deciding the certiorari proceeding without having before it all the documents submitted to the municipal court.

It appears that the record sent up by the municipal court did not include the deed of purchase of the property attached and although the appellant does not state positively that the homestead rights claimed had been constituted by said deed, it is alleged that that might possibly be the case.

The appellee replies that that issue was not raised in the district court and that the deed filed could only prove the fact of the acquisition of the property, a fact which appellee himself has admitted since he attached the property as belonging to the defendant and, therefore, that the district court had before it everything necessary for a valid decision.

An examination of the record sent up shows that, although in the motion of defendant Villafañe it is stated that the property had been acquired by a certain deed, no reference is made to any appending of the deed to the motion. It is true that the order of the municipal court makes reference to the deed, but apart from this there is no showing that the said deed was actually filed.

Anyway, what is really alleged in the motion is that the property was acquired by the said deed, not that in the deed was created the homestead estate claimed herein, and logically it can not be otherwise.

Such being the circumstances, we do not think that the deed was indispensable for a determination of the proceeding by the district court.

The second error is thus assigned:

"The lower court erred in holding that once a homestead estate is duly constituted it becomes necessary that a public trial be held in order to establish it effectively in a court of justice."

Leaving aside the sufficiency or insufficiency of the motion

of the defendant claiming homestead rights in the property that was to be sold, we will say that the error of procedure committed by the municipal court is so patent that no effect is needed to conclude that the district court was right in quashing the order complained of by the petitioner Buonomo.

Whatever differences of opinion may exist otherwise among the members of this court, they unanimously agree that in order to enforce homestead rights compliance must be had with the requirements of "due process of law," so admirably defined by Webster, in his argument in the Dartmouth College case, as "a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial." 6 R.C.L. 446, cited in *Guerra* v. *Workmen's Relief Commission*, 29 P.R.R. 473.

Adversary proceedings may be more or less summary, but they can not be determined without hearing the parties interested in the issue or without an opportunity, however slight, for them to be heard, and proceedings wherein homestead rights are claimed against a creditor are adversary, not *ex parte*.

The fact must be emphasized in the present case that the municipal court did not confine itself to taking a preliminary measure in favor of the claimant based on the *prima facie* authenticity of any title-document submitted to it or on any bond required and furnished, but that the court gave final decision in his favor without evidence and without hearing the adverse party or giving that party an opportunity to be heard.

The judgment appealed from must be affirmed.